J-S43010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OLVIN SANTIAGO CASTRO III | : | |
| | : | |
| Appellant | : | No. 1016 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 22, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0000855-2022

BEFORE: McLAUGHLIN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: FEBRUARY 27, 2024**

Olvin Santiago Castro III appeals from the judgment of sentence entered following his conviction for manufacture, delivery, or possession with intent to deliver a controlled substance ("PWID"). 35 P.S. § 780-113(a)(30). Counsel has filed an **Anders**[1] brief and petition to withdraw as counsel. We deny counsel's petition to withdraw and remand to allow counsel to request relevant notes of testimony.

In January 2023, Castro pled guilty to PWID. On March 22, 2023, the trial court sentenced him to a standard range sentence of four to 10 years' incarceration.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Anders v. California**, 386 U.S. 738 (1967).

On April 21, 2023, while still represented by counsel, Castro filed a *pro se* document titled, "Appeal for Reconsideration of Sentence and Uneffectiveness of Counsel." Both above the title of the document and below his signature at the end of the document, Castro had written "Superior Court of Pennsylvania." The document requested that "this court" reconsider "this sentence." Appeal for Reconsideration, filed Apr. 21, 2023, at 1. It further argued his counsel was ineffective. He requested that "this court . . . reconsider and reverse or adjust or modify this sentence." ***Id.*** at 2. That same day, counsel filed a petition to withdraw, noting that the *pro se* motion was outside the 10-day period for the filing of post-sentence motions. Counsel stated he believed the motion should be treated as a Post Conviction Relief Act petition. Petition to Withdraw as Counsel, filed Apr. 21, 2023, at ¶¶ 5-6.

The trial court treated the *pro se* filing as a motion to reconsider the sentence and denied it. The court further denied the petition to withdraw as counsel "without prejudice to the ability of [counsel] to resubmit his request if [Castro] does not contact him within 30 days." Order, dated May 17, 2023. In the order, the court noted the possibility of an appeal and stated that "time is of the essence with respect to the filing of such an appeal." ***Id.*** On July 3, 2023, counsel filed a notice of appeal. In it, counsel stated that, "[Castro] intends that his filing for his Motion for Modification of Sentence on April 21, 2023, within the thirty (30) day time frame for an appeal, constitutes an

appeal and not a [m]otion to [m]odify sentence nor a Post-Conviction Relief Act Application." Notice of appeal, filed July 3, 2023.[2]

In this Court, counsel filed an **Anders** brief and a petition to withdraw as counsel, asserting that the appeal is wholly frivolous. Castro did not respond to counsel's **Anders** brief.

Before we assess the substance of the **Anders** brief, we must first determine whether counsel's request to withdraw meets certain procedural requirements. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). An **Anders** brief that accompanies a request to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel must also provide a copy of the **Anders** brief to the client, and a letter that advises the client of the right to "(1) retain new counsel to pursue

---

[2] We point out that the *pro se* motion was not a timely post-sentence motion, and therefore would not have tolled the time to file a notice of appeal. However, the trial court should have treated the filing as a notice of appeal and therefore we conclude this appeal was timely.

the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007)). If counsel has satisfied these requirements, we then conduct "a full examination" of the record "to decide whether the case is wholly frivolous." **Commonwealth v. Dempster**, 187 A.3d 266, 271 (Pa.Super. 2018) (*en banc*) (quoting **Anders**, 386 U.S. at 744).

Here, our review reveals that the notes of testimony from the guilty plea hearing, sentencing hearing, and any hearing on post-sentence filings are not part of the certified record. It appears that counsel did not order the transcripts. Without them, "[c]ounsel could not have fulfilled his duty to review the entire record for any non-frivolous issues." **See Commonwealth v. Flowers**, 113 A.3d 1246, 1250-51 (Pa.Super. 2015) (denying petition to withdraw as counsel and remanding case where counsel failed to include notes of testimony from guilty plea hearing in certified record). Nor could counsel "provide a summary of the procedural history and facts, with citations to the record," or "refer to anything in the record that counsel believes arguably supports the appeal." **See Santiago**, 978 A.2d at 361. Moreover, without the notes of testimony, this Court cannot fulfill its duty of ensuring there are no non-frivolous issues.

Accordingly, we deny counsel's petition to withdraw and remand for counsel to obtain the missing notes of testimony and to file either a new

***Anders*** brief and petition to withdraw or an advocate's brief, within 60 days from the date of this order.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.